UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUSK, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-11721-JLT |
| | * | |
| COCA-COLA REFRESHMENTS USA, INC., | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

January 2, 2013

TAURO, J.

I.   Introduction

This case arises from an alleged breach of contract between Plaintiff Husk, LLC ("Husk") and Defendant Coca-Cola Refreshments USA, Inc. ("CCR"). Husk's Amended Complaint [#15] brings four counts against CCR: 1) breach of contract, 2) claim on account, 3) violation of Mass. Gen. Laws ch. 93A, and 4) declaratory relief. CCR seeks to dismiss counts two through four. After considering the arguments and hearing the parties on October 16, 2012, this court ALLOWS CCR's Motion to Dismiss [#17] as to Counts II and III and DENIES the motion as to Count IV.

II.   Factual Background[1]

On October 15, 2007, Husk and CCR entered into a contract ("Contract") in which Husk

---

[1] Because these issues arise in the context of a motion to dismiss, the court presents the facts as alleged in Husk's amended complaint in the light most favorable to Husk. See Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008).

1

agreed to provide certain recycling services to CCR.[2] The parties later amended the Contract to allow Husk to subcontract its obligations to Parallel Products of New England, Inc. ("Parallel").[3] Husk and Parallel then entered into a subcontract on November 17, 2008, whereby Parallel agreed to provide all of the recycling services required of Husk under the Contract.[4] Husk in turn agreed to pay Parallel a portion of the proceeds received from CCR.[5]

Prior to June 10, 2011, the parties executed their responsibilities as expected. Parallel provided the required recycling services and billed Husk accordingly, and Husk billed CCR pursuant to the Contract.[6] CCR then paid Husk, and Husk paid Parallel.[7] After June 10, 2011, although Parallel and Husk continued in this manner, CCR ceased payment under the Contract.[8] As of September 22, 2011, CCR owed Husk $473,194.49 for provided services.[9]

III.   Discussion

   A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include factual

---

[2] Am. Compl. ¶ 5 [#15].

[3] Am. Compl. ¶ 6.

[4] Am. Compl. ¶ 7.

[5] Am. Compl. ¶ 7.

[6] Am. Compl. ¶ 10.

[7] Am. Compl. ¶ 10.

[8] Am. Compl. ¶ 11.

[9] Am. Compl. ¶ 13.

allegations that demonstrate a plausible claim for relief.[10] The "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.'"[11] Nevertheless, the court need not accept the plaintiff's legal conclusions, and the plaintiff must provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[12]

    B.    <u>CCR's Motion to Dismiss</u>

        1.    Count II: Claim on Account

Under Massachusetts law, a claim on account "is an acknowledgment of the existing condition of liability between the parties."[13] A plaintiff must establish, either directly or through implication, that the defendant has admitted liability and assented to the accuracy of the debt.[14] Husk's amended complaint does not satisfy this requirement. To the contrary, Husk alleges that CCR disputes liability, specifically, that CCR believes it breached and thereby terminated the Contract.[15] These allegations fail to establish an acknowledged liability. Count II is therefore dismissed.

        2.    Count III: Chapter 93A

---

[10] <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-58 (2007).

[11] <u>Pettengill v. Curtis</u>, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 96 (1st Cir. 2007) (emphasis omitted)).

[12] <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

[13] <u>Bucklin v. Nat'l Shawmut Bank of Bos.</u>, 244 N.E.2d 726, 728 (Mass. 1969) (quoting <u>Chace v. Trafford</u>, 116 Mass. 529, 532 (1875)) (internal quotations omitted); see <u>CSX Transp., Inc. v. Recovery Express, Inc.</u>, 415 F. Supp. 2d 6, 12 n.6 (D. Mass. 2006).

[14] <u>Milliken v. Warwick</u>, 28 N.E.2d 224, 226 (Mass. 1940); <u>Rizkalla v. Abusamra</u>, 187 N.E. 602, 603 (Mass. 1933).

[15] Am. Compl. ¶ 19.

Chapter 93A prevents unfair or deceptive trade practices.[16]  "[C]onduct 'in disregard of known contractual arrangements' and intended to secure benefits for the breaching party constitutes an unfair act or practice for c. 93A purposes."[17]  But "[t]he simple fact that a party knowingly breached a contract does not raise the breach to the level of a Chapter 93A violation."[18]  Chapter 93A requires more than "a good faith dispute as to whether money is owed."[19]

Husk's amended complaint fails to sufficiently plead a claim under Chapter 93A.  Its sole allegation in support of this claim states that, "CCR's failure to make payment without an inability to pay, without justification, and in order to obtain a superior bargaining position, is a breach of the implied covenant of good faith and fair dealing and constitutes an unfair and deceptive trade practice in violation of Mass. G.L. c. 93A . . . ."[20]  This is merely a conclusory statement of the cause of action, "devoid of 'further factual enhancement.'"[21]  Husk's well-pleaded facts do not suggest anything more than a breach of contract,[22] and this alone does not state a claim under

---

[16] See Ahern v. Scholz, 85 F.3d 774, 796 (1st Cir. 1996) (citing Mass. Gen. Laws ch. 93A, § 11).

[17] Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 821 (Mass. 1991).

[18] Ahern, 85 F.3d at 798.

[19] McAdams v. Mass. Mut. Life Ins. Co., 391 F.3d 287, 304 (1st Cir. 2004) (quoting Duclersaint v. Fed. Nat'l Mortg. Ass'n, 696 N.E.2d 536, 540 (Mass. 1998)).

[20] Am. Compl. ¶ 17.

[21] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

[22] See id.

Chapter 93A.  Count III is dismissed.[23]

       3.    Count IV: Declaratory Judgment

Husk seeks a declaratory judgment as to whether the Contract terminated as a result of CCR's breach in 2011.  In a case of actual controversy, a court has discretion to entertain a claim for declaratory judgment.[24]  The allegations in the amended complaint, and the inferences drawn therefrom, sufficiently establish a substantial controversy between "adverse legal interests"[25] as to the status of the Contract.  Husk may proceed on Count IV.

IV.    Conclusion

For these reasons, CCR's Motion to Dismiss [#17] is ALLOWED as to Counts II and III and DENIED as to Count IV.


AN ORDER HAS ISUED.

                               /s/ Joseph L. Tauro
                               United States District Judge

---

[23] "Punitive damages are not allowed in [Massachusetts] unless expressly authorized by statute."  Flesner v. Technical Comm'ns Corp., 575 N.E.2d 1107, 1112 (Mass. 1991).  None of Husk's surviving claims authorize punitive damages.

[24] 28 U.S.C. § 2201; Curran v. FedEx Ground Package Sys., Inc., 593 F. Supp. 2d 341, 346 (D. Mass. 2009) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).

[25] Lizza & Sons, Inc. v. Hartford Accident & Indem. Co., 247 F.2d 262, 265 (1st Cir. 1957).